UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN M. HANCOCK,

                Petitioner,               Case No. 2:21-cv-10410
                                                           Hon. Laurie J. Michelson

v.

WARDEN STEWERT,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING CASE WITHOUT PREJUDICE**

Brian M. Hancock, ("Petitioner"), a Michigan prisoner presently confined at the Muskegon Correctional Facility, has filed a "Motion to Hold Habeas Petition in Abeyance / Toll Filing Date." (ECF No. 1.) The document is insufficient to commence a habeas action, so the case will be summarily dismissed without prejudice.

**I.**

Petitioner indicates that on June 27, 2018, he was convicted of five counts of first-degree criminal sexual conduct, and he was sentenced to 25-to-35 years' imprisonment. (ECF No. 1, PageID.6.) He appealed in state court, and on January 16, 2020, the Michigan Court of Appeals denied relief. (*Id.*) The Michigan Supreme Court then denied relief on June 30, 2020. (*Id.* at PageID.7.) Under 28 U.S.C. § 2244(d)(1), Petitioner states that the deadline for filing his federal habeas petition is September 30, 2021. (*Id.* at PageID.8.)

Petitioner asserts that on December 28, 2020, he contracted COVID-19 and was transferred to a quarantine unit at his facility. (*Id.* at PageID.7.) Petitioner indicates that he recovered, and he was placed in a recovery unit on January 12, 2021. (*Id.*) He states that he will be in the recovery

unit until April 12, 2021, and during that time he will be unable to physically access the law library. (*Id.*)

Petitioner requests that the Court hold his petition in abeyance and toll the filing date until February 22, 2022. (*Id.* PageID.10.)

## II.

Federal courts can dismiss a habeas petition that is legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted). Under § 2254 a petitioner is to "1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases, Rule 2.

Petitioner's "Motion to Hold Habeas Petition in Abeyance / Toll Filing Date" has several deficiencies. First, no petition has been filed yet. Thus, there is nothing to hold in abeyance. Additionally, the initiating motion does not meet the above requirements for commencing a habeas case. Petitioner does not indicate the grounds presented for habeas relief, the facts supporting each ground, nor the habeas relief requested. Indeed, Petitioner does not even purport to be commencing a habeas action at this time; he merely requests prospective tolling of the statute of limitations so that he has time to prepare a habeas petition. The case is therefore subject to summary dismissal

for Petitioner's failure to comply with Rule 2. *See Robertson v. Eppinger*, 2018 U.S. App. LEXIS 37203, at *3–4, 2018 WL 1940414 (6th Cir. Mar. 27, 2018).

Even if it were permissible to commence a habeas action by filing a motion for prospective tolling, Petitioner does not assert adequate cause for doing so. By his own calculations, the statute of limitations is not set to expire until September 30, 2021, more than five months after Petitioner will be released from quarantine on April 12, 2021. This leaves Petitioner with ample time to prepare and file his habeas petition.

Finally, Petitioner is not entitled to a certificate of appealability for this order because he has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). He is also not entitled to permission to appeal in forma pauperis because any appeal of this decision would be frivolous. 28 U.S.C. § 1915(a)(3).

### III.

Accordingly, the Court 1) summarily DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus, 2) DENIES a certificate of appealability, and 3) DENIES permission to appeal in forma pauperis.

SO ORDERED.

Dated: March 8, 2021

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE